**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

DAVID TYLER GONZALEZ,                                                    PLAINTIFF

v.                                                      CIVIL CASE NO. 4:14-CV-104-SAA

CAROLYN W. COLVIN,                                                       DEFENDANT

## ORDER ON PETITION FOR ATTORNEY'S FEES

Plaintiff seeks an award for attorney's fees [Docket 19] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits and by Judgment [Docket 18] dated March 31, 2015, this court remanded the case to the Commissioner for further proceedings. Contending he was the prevailing party and the Commissioner's position was not "substantially justified," plaintiff now seeks fees totaling $4,504.00 ($4,322.50 in attorney's fees plus a $181.50 expense for copying the transcript). Docket 19, p. 1. Plaintiff requests the total monies sought be paid to his attorney pursuant to an alleged duly executed assignment of EAJA fees. The Commissioner does not dispute that Plaintiff is the prevailing party but does challenge the motion on grounds that (i) the EAJA fees should be paid directly to the plaintiff under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), (ii) plaintiff provides no support for claimed litigation expenses of copying the transcript, and (iii) certain billed tasks are non-compensable. Docket 20.

Having thoroughly considered the submissions of the parties, the record and the applicable law, the court finds the award of attorney's fees should be **GRANTED** in part and **DENIED** in part. Plaintiff is entitled to the reasonable attorney's fees submitted however, will not be compensated for the cost of copying the transcript because support for such an expense

1

has not been provided. Further, because proof of a duly executed assignment of EAJA fees has not been provided, the award should be paid directly to plaintiff. It is

**ORDERED**

that defendant pay plaintiff attorney's fees totaling $4,322.50, representing 24.7 total hours of attorney work at a rate of $175 per hour. Defendant will mail the award to plaintiff's attorney in plaintiff's name.

This, the 3rd day of June, 2015.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE